## J. F. HOLMES *v.* THE STATE.

1. CHARGE OF THE COURT. — Two defendants being jointly on trial on a charge of theft of a gelding, the trial judge instructed the jury that if they "believed from the evidence that the defendants were guilty as charged, or that either of them was guilty, they should so say in their verdict," and assess the punishment of each at confinement, etc. *Held*, error, in that it authorized the conviction of both on proof of the guilt of either.

2. REASONABLE DOUBT. — A charge that, if the jury had "any reasonable doubt of the guilt of the defendants, such as naturally and fairly presented itself from the evidence which the jury believed," they should find them not guilty, is held to be error. The presumption of innocence obtains until guilt is established beyond a reasonable doubt, and the reasonable doubt is not limited to, nor is it necessary that it should arise from, the evidence which the jury believes. In charging upon "reasonable doubt," trial judges are recommended to follow the language of the statute.

Appeal from the District Court of Gonzales. Tried below before the Hon. H. Maney.

On February 12, 1873, the appellant, J. F. Holmes, *alias* J. T. Jackson, was jointly indicted with one John Davidson for the theft of a gelding. They were jointly tried on the 18th of February, 1873, found guilty, and the punishment of each assessed by the verdict of the jury at confinement in the penitentiary for the period of fifteen years. Motion for a new trial being overruled, they prosecuted an appeal, pending which they escaped from jail. On the eighteenth day of February, 1880, the appeal was dismissed for the reason that no final judgment had been entered in the court below on the verdict of the jury. The appellant having been rearrested, he was arraigned before the District Court of Gonzales County, Texas, on the 20th of March, 1880, and final judgment entered *nunc pro tunc* on the verdict returned by the jury in February, 1873; from which judgment he prosecuted this appeal.

*James H. Burts*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. The appellant and another being on trial in the court below for a felony, the judge presiding, among other things, instructed the jury as follows: " 4th. If you believe, from the evidence, that the defendants are guilty of the offence charged against them, or that either of them is guilty of such offence, you will say so, and assess the punishment of each at confinement in the penitentiary not less than five nor more than fifteen years. 5th. If you have any reasonable doubt of the guilt of the defendants, such as naturally and fairly presents itself from the evidence before you which you believe to be true, you will find that they are not guilty."

The material defect in the fourth clause of the charge is,

that it would authorize the jury to convict both the defendants on proof of the guilt of either one. The error in the other paragraph is, that it does not rest the reasonable doubt upon a lawful basis, in that it limits the reasonable doubt to the facts naturally and fairly arising from the evidence, and such evidence as the jury believe to be true. The presumption of innocence is not dispelled until the guilt of the accused is established by legal evidence, and in case of reasonable doubt as to the defendant's guilt, he is entitled to be acquitted. Code Cr. Proc., art. 727.

The practice of attempting to explain the meaning of a reasonable doubt is generally unsatisfactory, and often leads the jury astray. It is preferable to charge in the language of the Code, which is not liable to misconstruction or to mislead the jurors in making an application of its meaning in any given case. The errors in the charge are not neutralized by any other portions of the charge ; and for these errors, none others being considered as likely to become important hereafter, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*